**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JOSE TAPIA,<br><br>Plaintiff,<br><br>v.<br><br>DEPT. OF PUBLIC SAFETY AND CORRECTIONAL SERVICES,<br>WASHINGTON CO. SHERRIFF,<br>WASHINGTON CO. MD STATE POLICE,<br>D.E.A.,<br><br>Defendants. | Civil Action No.: PX-26-2274 |

**MEMORANDUM ORDER**

On August 18, 2026, this Court directed Plaintiff, Jose Tapia, to amend his Complaint because the initial pleading failed to state a claim. ECF No. 8. The Court advised Tapia that the Complaint did not "identify any cause of action that he intends to pursue in this Court, especially since the Circuit Court [for Washington County, Maryland] already ordered the release of the property in question." *Id*. The Court also warned Tapia that "as a pro se plaintiff, he cannot bring claims on behalf of his wife." *Id*. at 2. Further he was directed to articulate the legal theory on which he believes he is entitled to pursue the claim for his minor child. *Id.*

Tapia has filed an Amended Complaint, together with a second Motion to Proceed in Forma Pauperis. ECF Nos. 10 and 11. The Court grants the in forma pauperis motions (ECF Nos. 3 & 11) but for the reasons discussed below, dismisses the Amended Complaint.

The Amended Complaint avers that the Department of Public Safety and Correctional Services ("DPSCS") failed to follow a court order to return certain personal property. ECF No. 10-1. Yet the pleading includes the Circuit Court order for return of property to Tapia's wife, Charnetta Weems. ECF No. 10-1 at 10. From this, the Court concludes that to the extent Tapia

advances a claim for the items ordered released to his wife, he cannot pursue that claim on her behalf. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 243 (4th Cir. 2020) ("The right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*." (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in *Myers*)). Further, to the extent he attempts to obtain property by attacking the validity of the underlying search and seizure warrant, he must litigate that matter in the pending criminal case. But to the extent he is seeking his own immediate release based on some theory of unconstitutional detention, he must file a petition for writ of habeas corpus, not pursue the matter as a claim within a civil action for damages. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (When a state prisoner seeks a determination that he is entitled to immediate release from imprisonment, his sole federal remedy is to seek a writ of habeas corpus).

Last, as to pursuing claims on behalf of his son, the Amended Complaint avers solely that his son is a minor and experienced trauma in connection with the execution of the criminal search warrant. ECF No. 10 at 5. Tapia, who proceeds pro se, cannot represent his minor child. *See Myers*, 418 F.3d at 410 (parents and next friends "cannot press their children's claims pro se"), *see also M.D. v. Sch. Bd. Of City of Richmond*, 560 Fed. Appx. 199, 200 (4th Cir. 2014) ("non-attorney parents are not authorized to represent their children pro se in federal court"). As Tapia is the sole plaintiff, the Court must dismiss the claim pertaining to the minor child.

In short, because Tapia did not correct the deficiencies in the initial pleading, the Court dismisses the Amended Complaint without prejudice for failure to state a claim. Accordingly, it is this 22nd day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Amended Complaint IS DISMISSED without prejudice for failure to state a claim;

2. The Motions to Proceed in Forma Pauperis (ECF Nos. 3 and 11) ARE GRANTED;

3. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Tapia; and

4. The Clerk SHALL CLOSE this case.

/s/

Paula Xinis
United States District Judge